John V. Coghlan, Esq.
Brett D. Katz, Esq.
ELLIS GEORGE CIPOLLONE O'BRIEN LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOYCE ROSELY,<br><br>Plaintiff,<br><br>v.<br><br>STRIVE ASSET MANAGEMENT LLC, ANSON FRERICKS, and VIVEK RAMASWAMY,<br><br>Defendants. | Civil Action No. ____________________<br><br>**NOTICE OF REMOVAL** |

TO: Melissa E. Rhoads, Esq., Clerk of Court
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Christopher P. Lenzo, Esq.
Lenzo & Reis, LLC
360 Mount Kemble Ave., Suite 1004
Morristown, New Jersey 07960

**PLEASE TAKE NOTICE THAT** Defendants Strive Asset Management LLC, Anson Frericks and Vivek Ramaswamy file this Notice of Removal pursuant to 28 U.S.C.§§ 1332, 1441, and 1446, to remove this case from the Superior Court of New Jersey, Law Division, Union County Vicinage, bearing Docket No. UNN-L-002597-23, to the United States District Court for the District of New Jersey.

## INTRODUCTION

1. On August 8, 2023, Plaintiff Joyce Rosely ("Plaintiff") filed the complaint (the "Complaint" in the Superior Court of New Jersey, Law Division, Union County, styled as *Rosely v. Strive Asset Management, LLC, et al.*, Docket No. UNN-L-002597-23 (the "State Court Action").

2. The State Court Action concerns claims that Plaintiff was terminated from her employment with defendant Strive Asset Management LLC ("SAM") as a result of her alleged refusal to "violate applicable securities law," Ex. 1 at ¶ 7, and for purportedly reporting what she perceived to be a potential sexual harassment issue to human resources, *id.* ¶¶ 11, 22. As a result, she asserts five counts arising under New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1 ("CEPA") and the New Jersey Law Against Discrimination, N.J.S.A. 34:19-1 ("NJLAD").

## BASIS FOR REMOVAL

### I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).

3. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore this action could have originally been filed in this Court and is now properly removed to this Court.

#### a. *There is Complete Diversity of Citizenship Among Plaintiff and Defendants.*

4. Plaintiff is a citizen of the State of New Jersey. "Most rules of citizenship are well established. A natural person is deemed to be a citizen of the state where he is domiciled." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the

Complaint, a copy of which is annexed hereto as Exhibit 1, specifically alleges that Plaintiff "currently resides in the Town of Westfield, County of Union, State of New Jersey." Ex. 1 at ¶ 1.

5. Defendant SAM is a limited liability company, and so its citizenship "is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. SAM is a single-member LLC, and its sole member is Strive Enterprises, Inc., a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Dublin, Ohio.

6. Defendant Anson Frericks, a natural person, resides in Ohio, and is a citizen of the State of Ohio for federal diversity purposes.

7. Defendant Vivek Ramaswamy, a natural person, resides in Ohio, and is a citizen of the State of Ohio for federal diversity purposes.

**b. *The Amount in Controversy Requirement is Satisfied.***

8. "It is well-settled in the Third Circuit that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Raspa v. Home Depot*, 533 F.Supp.2d 514, 516 (D.N.J. 2008). "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). However, where, as here, "Plaintiff does not state an exact sum sought in the Complaint," *Raspa*, 533 F.Supp.2d at 522, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

9. In the Third Circuit Courts apply the "legal-certainty test" and the amount in controversy requirement is satisfied unless "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Raspa*, 533 F.Supp.2d at 522. In evaluating whether a

plaintiff's claim is for less than the jurisdictional threshold, the Court "must translate the categories [of damages] plaintiff cites into monetary sums," *Samuel-Bassett*, 357 F.3d at 399.

10. Plaintiff's ad damnum clauses for each of her five counts arising under CEPA or NJLAD, Ex. 1 at pp. 5–9, seek, *inter alia*, compensatory damages, consequential damages, punitive damages, attorneys' fees with enhancement, and costs of suit, *id.* CEPA and NJLAD permit a prevailing plaintiff to recover "[a]ll remedies available in common law tort actions," *Longo v. Pleasure Prods., Inc.*, 215 N.J. 48, 57 (2013) (citing N.J.S.A § 34:19-5), and explicitly permits an award of compensatory damages, attorneys' fees, and punitive damages, N.J.S.A § 34:19-13; *see also Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("[c]laims for punitive damages may be aggregated with claims for compensatory damages," for purposes of calculating the amount in controversy); *Goralski v. Shared Technologies, Inc.*, Civ. No. 09-2461 (KSH), 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009) ("Considering . . . both NJLAD and CEPA provide successful plaintiffs with the opportunity to collect 'reasonable attorneys' fees,'" those fees may also be aggregated to calculate the amount in controversy).

11. The Complaint alleges that Plaintiff was terminated from her employment with SAM on or about March 21, 2023, Ex. 1 at ¶ 14. Plaintiff's employment agreement with SAM, provides that she was to be paid an annual base salary of $250,000 in semimonthly installments. *See* Coghlan Decl., Exhibit A ¶ 3. As noted above, the Complaint seeks, *inter alia*, compensatory damages pursuant to CEPA and NJLAD, which would include "compensation for all lost wages, benefits and other remuneration," N.J.S.A. 34:19-5. Based on the passage of more than five months of time since her termination, and based on the annual minimum salary set forth in Plaintiff's employment agreement, the compensatory damages component of the Complaint itself exceeds $100,000.

12. Accordingly, the amount in controversy is in excess of the statutory amount.

**II. Defendants Have Satisfied the Procedural Requirements for Removal.**

13. Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Union County Vicinage on August 8, 2023. On August 30, 2023 the undersigned counsel for Defendants accepted service of the Complaint on behalf of all three defendants. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

14. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). New Jersey "constitutes one judicial district," 28 U.S.C. § 110, which necessarily includes Union County, New Jersey.

15. No previous application has been made for the removal requested herein.

**RESERVATION OF RIGHTS AND DEFENSES**

16. Defendants reserve all rights, claims and defenses, including, but not limited to, defenses and objections to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *inter alia*, failure to state a claim for relief, or for transfer to the United States District Court for the Southern District of Ohio in accordance with the provisions of Plaintiff's Employment Agreement. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

17. Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Strive Asset Management LLC, Anson Frericks and Vivek Ramaswamy respectfully give notice that the above-captioned civil action pending in the Superior

Court of New Jersey, Law Division, Union County Vicinage is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: September 28, 2023

ELLIS GEORGE CIPOLLONE O'BRIEN LLP

By: /s/ John V. Coghlan
John V. Coghlan

ELLIS GEORGE CIPOLLONE O'BRIEN LLP
John V. Coghlan
1155 F Street, NW, Suite 750
Washington, DC 20004
Telephone: (202) 249-6900
Facsimile: (202) 249-6899
jcoghlan@egcfirm.com

Brett D. Katz
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
bkatz@egcfirm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and a true and correct copy of the foregoing was sent via US Mail and electronic mail to:

Christopher P. Lenzo, Esq.
Lenzo & Reis, LLC
360 Mount Kemble Ave., Suite 1004
Morristown, New Jersey 07960
clenzo@newjerseyemploymentattorneys.com

Attorney for Plaintiff Joyce Rosely

/s/ John V. Coghlan
John V. Coghlan

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify that, to my own knowledge and based upon information available to me, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 28, 2023

/s/ John V. Coghlan
John V. Coghlan