# EXHIBIT 1

**Christopher P. Lenzo** (Attorney ID No. 34701993)
**LENZO & REIS, LLC**
360 Mt. Kemble Ave., Suite 1004
Morristown, New Jersey 07960
973-845-9922
*Attorneys for Plaintiff*

| | |
|---|---|
| JOYCE ROSELY, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>UNION COUNTY |
| Plaintiff, | DOCKET NO. UNN-L-__________-23 |
| v. | Civil Action |
| STRIVE ASSET MANAGEMENT, LLC,<br>ANSON FRERICKS, and<br>VIVEK RAMASWAMY, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff Joyce Rosely says the following by way of Complaint against defendants:

## THE PARTIES

1. Plaintiff Joyce Rosely ("plaintiff" or "Ms. Rosely") currently resides in the Town of Westfield, County of Union, State of New Jersey. At all times relevant to this Complaint, plaintiff was employed by defendant Strive Asset Management, LLC as Executive Vice President and Co-Head of Institutional Sales and Distribution working from her home in Westfield, New Jersey.

2. Defendant Strive Asset Management, LLC ("defendant Strive") is a limited liability company formed under the laws of the State of Ohio with its principal place of business located 6555 Longshore Street, Dublin, Ohio.

3. Defendant Anson Frericks ("defendant Frericks") is Co-Founder, Co-Owner, and President of defendant Strive. He currently resides at 2 Noel Lane, Cincinnati, Ohio. At all times

relevant to this Complaint, defendant Frericks exercised supervisory authority over plaintiff. Defendant Frericks directed plaintiff to violate applicable securities laws and participated in the decision to terminate plaintiff's employment when plaintiff refused to do so.

4. Defendant Vivek Ramaswamy ("defendant Ramaswamy") is Co-Founder and Co-Owner of defendant Strive. He currently resides in Columbus, Ohio. At all times relevant to this Complaint, defendant Ramaswamy exercised supervisory authority over plaintiff. Defendant Ramaswamy directed plaintiff to violate applicable securities laws and participated in the decision to terminate plaintiff's employment when plaintiff refused to do so.

**FACTUAL ALLEGATIONS**

5. Plaintiff Joyce Rosely began work for defendant Strive on or about August 2, 2022.

6. During her employment with the company, Ms. Rosely always performed her job well as demonstrated by her sales numbers and the positive written performance evaluation that she received in or about February 2023, just a month or so before defendants unlawfully discharged her.

7. Almost immediately upon commencing employment, Ms. Rosely faced demands from defendants Frericks and Ramaswamy to violate applicable securities laws.

8. Among those unlawful demands were (1) directions to utilize non-compliant sales material that improperly promised future investment returns, (2) instructions to new employees to engage in sales activities before those employees' securities licenses had been transferred to defendant Strive, (3) pressure to send out sales materials before those documents had been approved by the company's outside compliance vendor, Foreside, (4) orders to have non-registered employees discuss defendant Strive's securities products with potential clients over the telephone,

and (5) insistence on creating deal books and soliciting business on investment products before those products were registered and actively traded.

9. Indeed, defendants Frericks and Ramaswamy themselves unlawfully engaged in securities sales activities despite the fact that neither has a securities license. Defendant Frericks called and e-mailed individual investors, while defendant Ramaswamy unlawfully engaged in securities sales activity on Twitter. Ms. Rosely and Jeff Nye (Executive Vice President and Head of Wealth Management Distribution) repeatedly objected to the foregoing unlawful conduct in conversations with defendants Frericks and Ramaswamy.

10. In or about January 2023, Ms. Rosely heard from Mr. Nye that a new employee named Shelby Fulton had disclosed to Mr. Nye that she was being pursued romantically by Chief Operating Officer Ben Pham in an aggressive manner.

11. Ms. Rosely met with Head of People Strategy Laura Brady and expressed concern that Pham's conduct was creating potential legal liability for defendant Strive. More specifically, Ms. Rosely informed Brady that when she had traveled with Pham and Ms. Fulton, she had found the interactions between Pham and Ms. Fulton very uncomfortable to observe. Brady asked Ms. Rosely to "keep an eye on them and report back", indicating to Ms. Rosely that she would eventually address the situation; however, to Ms. Rosely's knowledge, neither Brady nor anyone else acting on behalf of the company did anything to deter Pham from pressuring a newly-hired subordinate into a sexual relationship.

12. When Ms. Rosely brought the issue up with defendant Frericks, his only response was that it was none of his business.

13. Ms. Rosely even went so far as to confront Pham directly about why Ms. Fulton was repeatedly traveling with him unnecessarily, but Pham told Ms. Rosely to mind her own business.

14. On or about March 21, 2023, defendant Frericks and Brady met with Ms. Rosely and summarily dismissed her with no prior notice or warning. The only explanation that they provided to Ms. Rosely was that the company was "reorganizing", and as a result, there was "no longer a position" for her.

15. Defendant Frericks also fired Mr. Nye, Senior Vice President and Regional Sales Director John Phillips, and Senior Vice President and Regional Sales Director J.P. Towey that day.

16. Significantly, Ms. Rosely (age 52 at that time), Mr. Nye (age 54), and Mr. Phillips (age 53) were the only Strive employees aged 50 or older at that time.

17. Ms. Rosely is older than her Co-Head, who was retained; Mr. Phillips was the oldest Regional Sales Director; and Mr. Towey (age 40) was let go, while the two Regional Sales Directors in their thirties were retained. (Mr. Nye had no counterparts or peers.)

18. Defendant Frericks was the immediate supervisor for Ms. Rosely and Mr. Nye. Notably, defendant Frericks is approximately 13 years younger than Ms. Rosely and 15 years younger than Mr. Nye.

19. The day after defendants terminated Ms. Rosely's employment, defendant Ramaswamy came to defendant Strive's Dublin, Ohio office in person to reassure employees about their job security, stating that "*we* had to do this" in reference to the dismissals, indicating that he participated in the firing decisions. Approximately two weeks later, defendant Ramaswamy again came to the Dublin office in person to announce that Matt Cole was assuming the role of Chief

Executive Officer, demonstrating that defendant Ramaswamy remains involved in the day-to-day decisions regarding who manages defendant Strive.

20. Defendant Ramaswamy is approximately 16 years younger than Ms. Rosely.

21. Notably, defendants fired the two employees (Ms. Rosely and Mr. Nye) who repeatedly objected to their demands that securities laws be violated.

22. Also significant, defendants terminated Ms. Rosely's employment just two months or so after she had complained that Pham was sexually harassing Ms. Fulton.

**FIRST COUNT**

**WHISTLEBLOWER RETALIATION IN VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT**

23. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

24. Defendants violated the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et seq., by discharging plaintiff in retaliation for her objections to and refusals to participate in conduct that she reasonably believed violated applicable securities laws.

25. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, harm to career, harm to reputation, and other such damages compensable under CEPA.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b. Consequential damages;

c. Punitive damages;

d. Attorneys' fees with enhancement;

e. Costs of suit;

f. Pre-judgment and post-judgment interest; and

g. Such other relief as the Court may deem equitable and just.

**SECOND COUNT**

**RETALIATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**

26. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

27. Defendants violated the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 34:19-1 et seq., by discharging plaintiff in retaliation for her complaints about conduct that she reasonably believed constituted unlawful sexual harassment.

28. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, harm to career, harm to reputation, and other such damages compensable under the LAD.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b. Consequential damages;

c. Punitive damages;

d. Attorneys' fees with enhancement;

e. Costs of suit;

f. Pre-judgment and post-judgment interest; and

g. Such other relief as the Court may deem equitable and just.

**THIRD COUNT**

**AGE DISCRIMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**

29. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

30. Defendants violated the LAD, N.J.S.A. 34:19-1 et seq., by discharging plaintiff because of her age.

31. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, harm to career, harm to reputation, and other such damages compensable under the LAD.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b. Consequential damages;

c. Punitive damages;

d. Attorneys' fees with enhancement;

e. Costs of suit;

f. Pre-judgment and post-judgment interest; and

g. Such other relief as the Court may deem equitable and just.

## FOURTH COUNT

## INDIVIDUAL LIABILITY UNDER THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

32. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

33. Defendants Frericks and Ramaswamy are "employers" under the definition of that term in CEPA, N.J.S.A. 34:19-2(a), because they are "individuals", "persons", and a "group of persons" who were "acting directly or indirectly on behalf of or in the interest of an employer [defendant Strive] with the employer's consent" when they discharged plaintiff in retaliation for her objections to and refusals to participate in conduct that she reasonably believed violated applicable securities laws.

34. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, harm to career, harm to reputation, and other such damages compensable under CEPA.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b. Consequential damages;

c. Punitive damages;

d. Attorneys' fees with enhancement;

e. Costs of suit;

f. Pre-judgment and post-judgment interest; and

g. Such other relief as the Court may deem equitable and just.

## FIFTH COUNT

## INDIVIDUAL LIABILITY UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

35. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

36. Defendants Frericks and Ramaswamy aided and abetted one another and defendant Strive in violating the LAD, N.J.S.A. 10:5-1 et seq., when they discharged plaintiff (a) in retaliation for her complaints about conduct she reasonably believed constituted unlawful sexual harassment and (b) because of her age.

37. Defendants Frericks and Ramaswamy also interfered with plaintiff's exercise and enjoyment of rights under the LAD, N.J.S.A. 10:5-1 et seq., when they discharged plaintiff (a) in retaliation for her complaints about conduct she reasonably believed constituted unlawful sexual harassment and (b) because of her age.

38. Defendants Frericks and Ramaswamy are therefore individually liable to plaintiff for their violations of the LAD, N.J.S.A. 10:5-1 et seq.

39. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, harm to career, harm to reputation, and other such damages compensable under the LAD.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b. Consequential damages;

c. Punitive damages;

d. Attorneys' fees with enhancement;

e. Costs of suit;

f. Pre-judgment and post-judgment interest; and

g. Such other relief as the Court may deem equitable and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues subject to trial by jury.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates Christopher P. Lenzo as his trial counsel.

**CERTIFICATION**

I hereby certify that to the best of my knowledge, this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated at this time. I further certify that to the best of my knowledge, there are no non-parties who should be joined in this action at this time.

**LENZO & REIS, LLC**
*Attorneys for Plaintiff*

By: /s/ Christopher P. Lenzo
**CHRISTOPHER P. LENZO**

Dated: August 8, 2023

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-002597-23

**Case Caption:** ROSELY JOYCE VS STRIVE ASSET MANAGEM ENT, LLC.
**Case Initiation Date:** 08/08/2023
**Attorney Name:** CHRISTOPHER P LENZO
**Firm Name:** LENZO & REIS LLC
**Address:** 360 MT KEMBLE AVE STE 1004 MORRISTOWN NJ 07960
**Phone:** 9738459922
**Name of Party:** PLAINTIFF : Rosely, Joyce
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Joyce Rosely? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/08/2023
Dated

/s/ CHRISTOPHER P LENZO
Signed