UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOYCE ROSELY,

Plaintiff,

v.

STRIVE ASSET MANAGEMENT LLC, ANSON FRERICKS, and VIVEK RAMASWAMY,

Defendants.

Civil Action No. 2:23-cv-20772-JXN-CLW

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS' OBJECTIONS TO**
**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

*Of Counsel*:
John V. Coghlan, Esq.
Brett D. Katz, Esq.

TORRIDON LAW PLLC
801 17th St. NW, Suite 1110
Washington, DC 20006
Telephone: (202) 249-6900
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND RELEVANT TO THESE OBJECTIONS ................................... 5

I. Ms. Rosely Is Hired By Strive And Signs An Employment Agreement. ............................... 5

II. Ms. Rosely Allegedly Makes Undated And Unspecified Complaints About Purported Securities Law Violations. ........................................................................................ 5

STANDARD OF REVIEW ........................................................................................ 7

LEGAL ARGUMENT ........................................................................................ 7

I. The Report Misapplies Ohio Law By Narrowly Construing The Forum-Selection Clause In Ms. Rosely's Employment Agreement. ........................................................ 7

II. The Report Errs In Finding Ms. Rosely Adequately Stated A Claim For Relief On Any Ground. ........................................................................................ 10

A. Ms. Rosely's CEPA Retaliation Claim Should Be Dismissed Because A Seven-Month Gap Between Ms. Rosely's Complaints And Her Termination Does Not Support An Inference Of Discrimination. ........................................................ 11

B. Ms. Rosely's NJLAD Age Discrimination Claim Should Be Dismissed Because Ms. Rosely Has Not Pled That A Sufficiently Younger And Similarly Situated Employee Was Retained. ........................................................ 13

C. Ms. Rosely's NJLAD Age Discrimination Claim Should Be Dismissed Because She Pleads That She Was Hired And Fired Within One Year. ........................................ 16

D. Ms. Rosely's CEPA Claim Against Mr. Ramaswamy Should Be Dismissed Because The Complaint Makes Only A Conclusory Allegation That He Participated In The Alleged Unlawful Conduct. ........................................................ 18

CONCLUSION ........................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Consol. Rail Corp.*,
297 F.3d 242 (3d Cir. 2002)....................15

*Anderson v. Thermo Fisher Scientific*,
No. 11-CV-3394, 2013 WL 1222738 (D.N.J. Mar. 25, 2013)....................15

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013)....................8

*Averhart v. CWA Loc. 1033*,
No. CV 10-6163 (AET), 2015 WL 9581753 (D.N.J. Dec. 30, 2015), *aff'd sub nom. Averhart v. Commc'ns Workers of Am.*, 688 F. App'x 158 (3d Cir. 2017)....................13

*Bergen Com. Bank v. Sisler*,
157 N.J. 188 (1999)....................14

*Blakney v. City of Phila.*,
559 F. App'x. 183 (3d Cir. 2014)....................12

*Brown v. Astrue*,
649 F.3d 193 (3d Cir. 2011)....................7

*Cagnetti v. Juniper Village at Bensalem Ops.*,
No. 18-5121, 2020 WL 4039027 (E.D. Pa. July 17, 2020)....................16

*EEOC v. City of Long Branch*,
866 F. 3d 93 (3d Cir. 2017)....................7

*Escanio v. United Parcel Serv.*,
538 F. App'x. 195 (3d Cir. 2013)....................12

*Goodman v. London Metals Exch., Inc.*,
429 A.2d 341 (N.J. 1981)....................9

*Gutwirth v. Woodford Cedar Run Wildlife Refuge*,
38 F. Supp. 3d 485 (D.N.J. 2014)....................11

*Estate of Henry Fajge v. Dick Greenfield Dodge, Inc.*,
Civ. No. 11-cv-04527, 2012 WL 2339723 (D.N.J. June 15, 2012)....................4, 17, 18

*In re: Howmedica Osteonics Corp*,
867 F.3d 390 (3d Cir. 2017)....................8

*Kachmar v. SunGard Data Sys., Inc.*,
109 F.3d 173 (3d Cir. 1997)....................11

*Malloy v. Intercall, Inc.*,
No. CIV.A. 08-01182-JLL, 2010 WL 5441658 (D.N.J. Dec. 28, 2010)....................17

*Masco Cabinetry Middlefield, LLC v. Cefla N. Am., Inc.*,
637 F. App'x 192 (6th Cir. 2015)....................9

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)....................11

*McKenna v. Verint Americas Inc.*,
No. CV 22-02370 (FLW), 2022 WL 3211422 (D.N.J. Aug. 9, 2022)....................4, 20

*Monaco v. Am. Gen. Assurance Co.*,
359 F.3d 296 (3d Cir. 2004)....................14, 15, 16, 18

*Narin v. Lower Merion Sch. Dist.*,
206 F.3d 323 (3d Cir. 2000)....................15

*Palmer v. Britton Indus, Inc., Civ No. 14-5457*,
2015 WL 8490965 (D.N.J. Dec. 10, 2015) *aff'd* 662 Fed. Appx. 147 (3d Cir. 2016)....................18

*Polansky v. Forest River, Inc.*,
No. 2:22-cv-4460, 2023 WL 5486259 (S.D. Ohio Aug. 24, 2023)....................9

*Reganato v. Appliance Replacement Inc.*,
No. CV 15-6164 (RMB/JS), 2017 WL 747463 (D.N.J. Feb. 27, 2017), *aff'd*, 727 F. App'x 40 (3d Cir. 2018)....................12

*Sgro v. Bloomberg L.P.*,
331 F. App'x 932 (3d Cir. 2009)....................14

*Spence v. Foxx*,
159 F. Supp. 3d 483 (D.N.J. 2014)....................11

*Stamos v. AOP Operating Co., LLP*,
No. CV201676 (MAS) (TJB), 2022 WL 5103135 (D.N.J. Oct. 4, 2022)....................18

*Taylor v. Lincare, Inc.*,
No. CV 15-6284 (RMB/JS), 2016 WL 3849852 (D.N.J. July 15, 2016)....................12

*Thomas v. Town of Hammonton*,
351 F.3d 108 (3d Cir. 2003)....................12

*Thomasian v. New Jersey Inst. of Tech.*,
No. CIV. 08-2218 (FSH), 2010 WL 1032653 (D.N.J. Mar. 16, 2010)....................................17

*Varsity Gold, Inc. v. Koone*,
No. 3:08 CV 528, 2009 WL 10690075 (N.D. Ohio Jan. 20, 2009)..........................................9

*Young v. Hobart W. Grp.*,
385 N.J. Super. 448 (App. Div. 2005).......................................................................3, 4, 17, 18

**Statutes**

28 U.S.C.§ 636(b)(1)..........................................................................................................7

N.J. Stat. Ann. § 34:19-1.......................................................................................................1

N.J. Stat. Ann. § 34:19-5.......................................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 10

Fed. R. Civ. P. 72(b)(2)..........................................................................................................1

Fed. R. Civ. P. 72(b)(3)..........................................................................................................7

L. Civ. R. 72.1(c)(2)............................................................................................................1, 7

Defendants Strive Asset Management, Anson Frericks, and Vivek Ramaswamy (collectively, "Defendants") respectfully submit these objections to the Report and Recommendation of Hon. Cathy L. Waldor, U.S.M.J. dated July 24, 2024, ECF No. 12 (the "Report"), pursuant to Fed. R. Civ. P. 72(b)(2) and L. Civ. R. 72.1(c)(2). The Report recommends that Defendants' motion to transfer this case to the United States District Court for the Southern District of Ohio or, in the alternative, to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 5 (the "Motion"), be granted in part and denied in part.

Defendants object to the Report's recommendations that the Court (i) deny the motion to transfer, (ii) deny the motion to dismiss Plaintiff's claims for retaliation under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A., 34:19-1, *et seq.*, (iii) deny the motion to dismiss Plaintiff's claims for age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 34:19-1, *et seq.*, and (iv) deny the motion to dismiss Plaintiff's claims for individual liability under CEPA against Defendant Vivek Ramaswamy ("Mr. Ramaswamy").

**PRELIMINARY STATEMENT**

This case concerns Strive Asset Management's ("Strive") termination of its former Executive Vice President and Co-Head of Institutional Sales and Distribution, Plaintiff Joyce Rosely ("Ms. Rosely"), after her brief employment with Strive for seven months. Compl. § 1. By her Complaint, ECF No. 1-1, Ms. Rosely alleges that Strive terminated her for one of a number of purported (and unrelated) reasons. Specifically, she alleges that Strive terminated her either (i) because she refused to "violate applicable securities laws," *id.* ¶¶ 7, 24, (ii) because she reported to human resources what she heard was the unlawful sexual harassment of one Strive employee by another, *id.* ¶¶ 11, 27, (iii) because of her age, *id.* ¶ 16, or (iv) because it was part of a "reorganizing" of Strive, *id.* ¶ 14.

Defendants moved to transfer the case pursuant to the forum-selection clause in Ms. Rosely's employment agreement or, in the alternative, to dismiss the Complaint in its entirety. In deciding the Motion, the Report correctly concludes that the Complaint fails to state a claim for retaliation in violation of NJLAD, and a claim for individual liability of Mr. Ramaswamy under NJLAD and recommends that each of those claims be dismissed. Defendants do not object to those portions of the Report and urge the Court to adopt the Report only as to those recommendations.

But the Report was wrong to recommend denying that portion of the Motion that sought to have the matter transferred and the other portions of the Motion that sought dismissal of the Complaint. With respect to the portion of the Motion that sought to have the matter transferred, Ms. Rosely's employment agreement contains a clear choice-of-law clause that encompasses any actions to enforce the agreement, including its terms guaranteeing Ms. Rosely's compensation. The clause makes clear that any such actions must be brought in a court of competent jurisdiction in Ohio. Where—as here—Ms. Rosely seeks to obtain compensation that she is only entitled to pursuant to that contract, she is by definition seeking to enforce it. Nor can she avoid the reach of the clause by artfully pleading around a breach of contract claim. Courts in Ohio routinely find that forum-selection clauses should be interpreted broadly and cover even non-contractual claims that are sufficiently related to the contract containing the provision. This Court should transfer this matter to the Southern District of Ohio.

As to the remainder of the Motion, the Report erroneously concludes that the Complaint adequately alleges facts to state a claim for (i) retaliation in violation of CEPA, (ii) age discrimination in violation of NJLAD, and (iii) individual liability under CEPA against Defendant Ramaswamy. The Court should reject the recommendations on these claims for four reasons.

***First***, in denying dismissal of Ms. Rosely's CEPA retaliation claim, the Report disregards well-settled precedent holding that a substantial length of time between a plaintiff's complaints and her termination is insufficient to support an inference of discrimination to survive a motion to dismiss. The Report correctly applied this principle to Ms. Rosely's NJLAD retaliation claim and, given that substantially *more* time elapsed between her complaints and her termination for purposes of Ms. Rosely's CEPA retaliation claim, the Report's reasoning applies with even more force to warrant dismissal of this latter claim. The fact that another employee was terminated under similar factual circumstances cannot support an inference of discrimination for *that* employee, much less save Ms. Rosely's claim.

***Second***, in denying dismissal as to Ms. Rosely's claim of age discrimination under NJLAD, the Report misapplied Third Circuit precedent holding that the retention of a "similarly situated" employee who is "sufficiently younger" may warrant a finding of age discrimination. Report 14 (quoting *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296 (3d Cir. 2004)). The Complaint here fails to make allegations that a comparator was either "sufficiently younger" or "similarly situated." Without doing both, there is no basis upon which the Court can infer age discrimination.

***Third***, in denying dismissal as to Ms. Rosely's claim of age discrimination under NJLAD, the Report discounts cases in which courts have rejected claims on the grounds that a plaintiff was both hired and fired while a member of the protected age group. For example, the Report suggests that in *Young v. Hobart W. Grp.*, 385 N.J. Super. 448, 461 (App. Div. 2005), "the Appellate Division was observing decisions from various courts, not setting a standard," Report 14; but that is not so. In *Young*, the Appellate Division relied on decisions from other courts to find that "[i]t is illogical to suggest that [a defendant] would promote plaintiff in January 2001 and then recommend and approve her termination because of her age only a few months later." Indeed,

courts in this district have relied on and followed the very standard set forth in *Young*. *See, e.g.*, *Estate of Henry Fajge v. Dick Greenfield Dodge, Inc.*, Civ. No. 11-cv-04527, 2012 WL 2339723 at *8 (D.N.J. June 15, 2012) ("When an employee is hired and fired at ages within the bounds of the protected class, a jury cannot reasonably conclude that age was a motivating factor in the employee's termination.") (citing *Young*, 385 N.J. Super. at 461).

***Fourth***, the Report was wrong to recommend against dismissal of Ms. Rosely's CEPA claims against Mr. Ramaswamy in his individual capacity. For an individual to be liable under CEPA, a complaint must do more than make a conclusory allegation that a defendant had general awareness of the alleged violation. It must plead facts that, if true, show the specific measures taken by that individual to retaliate against the plaintiff. *See McKenna v. Verint Americas Inc.*, No. CV 22-02370 (FLW), 2022 WL 3211422, at *6 (D.N.J. Aug. 9, 2022). The Complaint fails to do so. The Report suggests that "Defendant Ramaswamy admitted to other employees that he had a role in her termination," Report 16, but that misconstrues the allegations in the Complaint. The actual allegation in the Complaint is that, when referring to a group of terminations, Defendant Ramaswamy said "*we* had to do this," Compl. ¶ 19 (emphasis in original). But this conclusory allegation falls far short of raising a plausible inference that Mr. Ramaswamy played a role in any specific termination, much less that he had a discriminatory motive. Without any such allegations, the Complaint fails to allege he "took a retaliatory adverse employment action against [Ms. Rosely] that was causally linked" with her protected activity. *McKenna*, 2022 WL 3211422 at *6.

Accordingly, for the reasons set forth herein, Defendants respectfully request that the Court reject these portions of the Report and enter an order transferring this case to the Southern District of Ohio or, in the alternative, dismissing the Complaint.

## FACTUAL BACKGROUND RELEVANT TO THESE OBJECTIONS

### I. Ms. Rosely Is Hired By Strive And Signs An Employment Agreement.

Ms. Rosely was employed and compensated by Strive for a period of seven months. Compl. ¶¶ 5, 14. She began work for Strive on or about August 2, 2023, Compl. ¶ 5, when she signed and executed an agreement governing the terms of her employment (the "Employment Agreement"). Employment Agreement, Coghlan Decl. Ex. 2, ECF No. 6-3. Notably, the Employment Agreement provides that her "employment hereunder may be terminated by either the Company or the Employee at any time and for any reason" with thirty days' notice. *Id.* § 4. Consistent with the fact that Strive is an Ohio corporation and based in Dublin, Ohio, the Employment Agreement also contains a choice-of-law provision that provides, "This Agreement, ***for all purposes***, will be construed in accordance with the laws of the State of Ohio without regard to conflicts of law principles." *Id.* § 11.5 (emphasis added). Further, it contains a forum-selection clause that states:

> [a]ny action or proceeding by either of the parties to enforce this Agreement must be brought only in a state or federal court located in the State of Ohio. The parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

*Id.*

### II. Ms. Rosely Allegedly Makes Undated And Unspecified Complaints About Purported Securities Law Violations.[1]

As alleged by the Complaint, Ms. Rosely states that upon commencing her employment at Strive she began to receive "demands from defendants Frericks and Ramaswamy ," *id.* ¶ 7,

---

[1] Defendants deny the allegations in the Complaint. However, solely for purposes of the portion of the motion that seeks dismissal of the Complaint, the facts alleged thereby are accepted as true.

including:

> (1) directions to utilize non-compliant sales material that improperly promised future investment returns, (2) instructions to new employees to engage in sales activities before those employees' securities licenses had been transferred to defendant Strive, (3) pressure to send out sales material before those documents had been approved by the company's outside compliance vendor, Foreside, (4) orders to have non-registered employees discuss defendant Strive's securities products with potential clients over the telephone, and (5) insistence on creating deal books and soliciting business on investment products before those products were registered and actively traded.

*Id.* ¶ 8. Other than these general descriptions, Ms. Rosely offers no detail or specific allegations about the purported "demands." She does not allege when these conversations occurred or how frequently. She does not identify the securities laws she believed were being violated. Nor does she allege that any of the instructions were specifically made to her by either Mr. Frericks or Mr. Ramaswamy.

Ms. Rosely also contends that Mr. Frericks "unlawfully engaged in securities sales activities" without a license because he "called and e-mailed individual investors," and that Mr. Ramaswamy "unlawfully engaged in securities sales activity on Twitter." *Id.* ¶ 9. Once again, she provides no specifics regarding these allegations. Ms. Rosely does not explain the purported unlawful conduct engaged in by Mr. Frericks and Mr. Ramaswamy, nor does she indicate when it happened, when she became aware of it, or even what was said.

Ms. Rosely generally alleges that she and her co-employee, Jeff Nye, "repeatedly objected to the foregoing unlawful conduct in conversations with defendants Frericks and Ramaswamy." *Id.* ¶ 9. Again, she provides no details regarding these conversations, including when they happened or what was said.

Ms. Rosely then alleges that, on or about March 21, 2023—less than a year after she was hired—she was terminated. *Id.* ¶ 14. She alleges that she was informed in a meeting with

Mr. Frericks and Strive's Head of Human Resources that she was being terminated because the company was reorganizing and that there was no longer a position for her. *Id*. Consistent with this effort to reorganize, three other employees of Strive were also let go on the same date. *Id.* ¶ 15. Specifically, Strive terminated two Senior Vice Presidents and Regional Sales Directors, as well as Strive's Executive Vice President and Head of Wealth Management Distribution. *Id.* ¶¶ 9, 15. At the time of her termination, Ms. Rosely was 52 years old. *Id.* ¶ 16. The other terminated employees were 54, 53, and 40. *Id.* ¶¶ 16–17.

## STANDARD OF REVIEW

This Court must review "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* L. Civ. R. 72.1(c)(2) (stating same standard); 28 U.S.C.§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) ("the standard district courts should apply to such objections is de novo."). Upon the filing of "specific" and "timely" objections, *EEOC v. City of Long Branch*, 866 F. 3d 93, 99–100 (3d Cir. 2017), "the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## LEGAL ARGUMENT

### I. The Report Misapplies Ohio Law By Narrowly Construing The Forum-Selection Clause In Ms. Rosely's Employment Agreement.

While a normal § 1404(a) motion requires a district court to "evaluate both the convenience of the parties and various public-interest considerations," that calculus changes "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,

571 U.S. 49, 62-63 (2013) (citation omitted). Where such a clause exists, the transfer analysis changes in three ways: (i) "the plaintiff's choice of forum merits no weight," (ii) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests . . . [and] may consider arguments about public-interest factors only," and (iii) "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 63–64. The United States Supreme Court noted that, in light of its decision, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*; *see also In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) ("[W]ith these modifications to the typical § 1404(a) analysis, district courts should enforce valid forum-selection clauses '[i]n all but the most unusual cases.'") (quotation omitted).

Ms. Rosely's employment agreement here contained a forum-selection clause that encompasses this litigation and requires transfer. That clause explains, "[a]ny action or proceeding by either of the parties to enforce this Agreement must be brought only in a state or federal court located in the State of Ohio." Employment Agreement § 11.5. Because Ms. Rosely seeks compensatory damages that are available to her only as a matter of contractual right, this lawsuit is an attempt to enforce her employment agreement. *See, e.g.*, N.J. Stat. Ann. § 34:19-5 (recognizing that a successful CEPA plaintiff may recover "compensation for all lost wages, benefits and other remuneration"); *see also Goodman v. London Metals Exch., Inc.*, 429 A.2d 341, 349 (N.J. 1981) ("When a wrongful discharge of an employee occurs the measure of damages is usually the employee's salary for the remainder of the employment period.").

The Report reads the forum-selection clause too narrowly. It argues that "Plaintiff has not asserted a claim for breach of contract, or otherwise sought to litigate her rights under that contract using alternative, 'artful' causes of action." Report 8. But, as Ohio courts have explained, a

plaintiff who omits a breach of contract claim cannot escape an otherwise valid forum-selection clause. Thus, in *Polansky v. Forest River, Inc.*, No. 2:22-cv-4460, 2023 WL 5486259 (S.D. Ohio Aug. 24, 2023), the court rejected plaintiffs' argument that the forum-selection clause did not cover the specific claims raised in the lawsuit. In doing so, it explained that "public policy supports a broad reading of a forum selection clause . . . [a]nd courts routinely reject attempts to circumvent such a clause via artful pleading." *Id.* at *5 (citing *Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.*, No. 2:04-CV-0916, 2005 WL 1038842, at *2 (S.D. Ohio May 3, 2005)). Similarly, in *Varsity Gold, Inc. v. Koone*, No. 3:08 CV 528, 2009 WL 10690075 (N.D. Ohio Jan. 20, 2009), the court found plaintiff's argument "that the forum selection clause does not apply to its claims because they sound in tort, not contract" to be "without merit." *Id.* at *5. As the court explained, "Plaintiff's tort claims clearly relate to the SRA [Sales Representative Agreement], and the mere fact that Plaintiff's claims as alleged do not technically sound in contract does not take them without the scope of the SRA's forum selection clause." *Id.; see also Masco Cabinetry Middlefield, LLC v. Cefla N. Am., Inc.*, 637 F. App'x 192, 195 (6th Cir. 2015) ("[W]here a claim is sufficiently related to subject matter of the contract, the contractual forum-selection clause cannot be defeated simply by artfully pleading a claim not explicitly governed by the clause.") (citing *Bohl v. Hauke*, 906 N.E.2d 450 (Ohio App. 4th Dist. 2009)).

The Report says that "[r]eferencing an agreement for its informational value is not the same as enforcing it," and that finding that the forum-selection clause here governs "would require the Court to apply *every* forum selection provision contained in an employment agreement – regardless of its actual wording – to essentially *every* employment action involving a signatory to that agreement – regardless of its nature." Report 8–9. That is true only to the extent that a plaintiff seeks to enforce rights or obtain benefits to which she is entitled only because it is guaranteed by

an agreement. Because Ms. Rosely's right to compensation would not exist but for the contract, she necessarily asks this Court to enforce the agreement by awarding her that compensation.

Ms. Rosely cannot escape the ambit of the forum-selection clause by "disclaim[ing] any contractual violation," Report 8, and, at the same asking this court to award her the compensation promised to her *in her employment contract*. Far from disclaiming her rights under her employment contract, Ms. Rosely is seeking to enforce it. Nor is the Report correct to suggest that "Defendants . . . have not cited any authority mandating . . . a bright-line approach." Report 9. The cases cited above, which show that under Ohio law forum-selection clauses encompass contractual claims even when they are not pled by a Plaintiff, were all cited in Defendant's Motion to Dismiss briefing. At the same time, the Report does not point to any decision under Ohio law supporting its narrow reading of the forum-selection clause.

For all of these reasons, the Court should reject the Report's recommendation that the Motion to Transfer be denied, and instead grant the Motion and transfer this case to the United States District Court for the Southern District of Ohio.

## II. The Report Errs In Finding Ms. Rosely Adequately Stated A Claim For Relief On Any Ground.

The standard on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is well established: "the Court must generally accept as true the factual allegations in the complaint, and construe all 'reasonable inferences' in the light most favorable to the plaintiff." *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 489 (D.N.J. 2014) (quoting *Gould v. Wetzel*, 547 Fed. Appx. 129, 131 (3d Cir. 2013)). "However, '[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action' fails to suffice." *Gutwirth*, 38 F. Supp. 3d at 489 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Moreover, the Court need not accept sweeping 'legal conclusions' cast in the form

of 'bald assertions[,]' unwarranted inferences, or unsupported conclusions." *Gutwirth*, 28 F. Supp. 3d at 489 (alteration in original) (quoting *Stone v. N.J. Admin. Office of the Courts*, 557 F. App'x. 151, 154 (3d Cir. 2014)). "Rather, for a complaint to survive dismissal pursuant to this standard, it 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gutwirth*, 38 F. Supp. 3d at 489 (quoting *Ashcroft*, 556 U.S. at 678).

Both CEPA and NJLAD retaliation claims are governed by the burden-shifting framework for Title VII claims set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). Under this framework, in order to establish a prima facie case of discriminatory retaliation, a plaintiff "must show 1) that she engaged in protected activity, 2) that the employer took adverse action against her, and 3) that a causal link exists between the protected activity and the employer's adverse action." *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997). Under the third element, "a plaintiff must link the harassment at work to a retaliatory animus." *Spence v. Foxx*, 159 F. Supp. 3d 483, 499 (D.N.J. 2014). "Although the plaintiff need not prove that retaliation was the sole reason for an employer's adverse action, he or she must show that the action would not have been taken but for his or her protected activity." *Id.*

### A. <u>Ms. Rosely's CEPA Retaliation Claim Should Be Dismissed Because A Seven-Month Gap Between Ms. Rosely's Complaints And Her Termination Does Not Support An Inference Of Discrimination.</u>

The Report is wrong to recommend denying that portion of the Motion that seeks dismissal of Ms. Rosely's CEPA retaliation claim because the facts as alleged in the Complaint do not demonstrate any causal link between her termination and her alleged protected activity. Instead, Ms. Rosely's allegations are simply that she engaged in protective activity and then—***seven months later***—she was let go as part of a restructuring at Strive.

The Report recognizes that a significant gap in time cuts against any inference of discrimination. It found that the two-month delay between Ms. Rosely's purported complaints

about sexual harassment of another employee and her actual termination was insufficient to state a plausible claim that she was fired *because* of those complaints. Report 13; *see also id.* ("Courts in this District have found such allegations lacking in cases featuring significantly shorter temporal gaps.") (citing cases). The Report was correct, as courts in this Circuit routinely reject such claims. *See, e.g.*, *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (three weeks between protected activity and termination); *Blakney v. City of Phila*., 559 F. App'x. 183, 186 (3d Cir. 2014) ("We have found that a temporal proximity of two days is unusually suggestive of causation, but have held that a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive."); *Reganato v. Appliance Replacement Inc.*, No. CV 15-6164 (RMB/JS), 2017 WL 747463, at *7 (D.N.J. Feb. 27, 2017), *aff'd*, 727 F. App'x 40 (3d Cir. 2018) (two weeks); *Escanio v. United Parcel Serv.*, 538 F. App'x. 195, 200 (3d Cir. 2013) (three weeks); *Taylor v. Lincare, Inc.*, No. CV 15-6284 (RMB/JS), 2016 WL 3849852, at *7 (D.N.J. July 15, 2016) (five weeks).

Yet, even while recognizing this principle, the Report finds that a ***longer*** seven-month delay is ***not*** fatal to Ms. Rosely's CEPA retaliation claim because "while there was a sizable gap between Plaintiff's complaints and Defendants' alleged adverse action, the Court finds that Plaintiff's allegation that Defendants also simultaneously fired another employee who engaged in the same activity sufficiently bolsters her claim." Report 13. But Ms. Rosely's allegations as to that employee are just as vague and conclusory as her own claim. Specifically, Ms. Rosely alleges that—at unspecified times—she and "Jeff Nye (Executive Vice President and Head of Wealth Management Distribution) repeatedly objected" to alleged securities violations "in conversations with defendants Frericks and Ramaswamy," Compl. ¶ 9, and that "[n]otably, defendants fired the two employees (Ms. Rosely and Mr. Nye) who repeatedly objected to their demands that securities

laws be violated," *id.* ¶ 21. But just as the lack of temporal proximity fails to support a claim that ***Ms. Rosely*** was fired because of ***her*** complaints, a lack of temporal proximity equally fails to support a finding that ***Mr. Nye*** was terminated because of ***his*** complaints. Ms. Rosely cannot bolster her own conclusory allegations with *more* conclusory allegations that would fail on their own to raise an inference of discrimination. *See, e.g.*, *Averhart v. CWA Loc. 1033*, No. CV 10-6163 (AET), 2015 WL 9581753, at *3 (D.N.J. Dec. 30, 2015), *aff'd sub nom. Averhart v. Commc'ns Workers of Am.*, 688 F. App'x 158 (3d Cir. 2017) (where "additional factual allegations" "add nothing to bolster the plausibility" of a Plaintiff's claim, "they serve no purpose and are futile.") That is particularly true where Ms. Rosely claims in the alternative that Mr. Nye was not fired because of his complaints but because of his age. Compl. ¶¶ 15–18 (suggesting that Mr. Nye, among other Strive employees, was terminated because of age).

Because the Complaint offers nothing more than conclusory assertions to support a finding of causation, the Court should reject the Report's recommendation that the Motion be denied as to Count I, and instead grant the Motion and dismiss Ms. Rosely's CEPA retaliation claim.

### B. Ms. Rosely's NJLAD Age Discrimination Claim Should Be Dismissed Because Ms. Rosely Has Not Pled That A Sufficiently Younger And Similarly Situated Employee Was Retained.

The Report also erroneously concludes that Ms. Rosely has stated a claim for age discrimination under NJLAD because she alleges that (1) she was terminated in connection with a company-wide reduction in force and (2) Strive retained her "Co-Head," who was younger. Report 14 (quoting Compl. ¶ 17). The Report relies on language in *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 303–304 (3d Cir. 2004); however, it fails to consider that the language in *Monaco* requires that a plaintiff show that the person retained was both "*sufficiently* younger," than plaintiff, and "similarly situated" to plaintiff, *id.* at 303–304, both of which the Complaint fails to allege.

In order to make a prima facie case of age discrimination under the NJLAD, "a plaintiff must demonstrate that she (1) is a member of the protected class, (2) was qualified for the position held, (3) suffered an adverse employment action, and (4) 'ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination.'" *Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 938 (3d Cir. 2009) (citing *Monaco*, 359 F.3d at 300). As set forth in *Monaco*, the fourth factor is modified in a reduction in force situation, in which case, "a plaintiff must show that the employer retained a sufficiently younger similarly situated employee." *Id.* at 300–301. As the New Jersey Supreme Court has recognized, this fourth element exists "to permit an inference of age discrimination." *Bergen Com. Bank v. Sisler*, 157 N.J. 188, 213 (1999); *see also Monaco*, 359 F.3d at 309 ("[T]he facts of this case demonstrate why a terminated plaintiff should not be able . . . to demonstrate a prima facie case of age discrimination without showing a difference in age between him or her and the replacement employee sufficient to support an inference of age discrimination.").

As an initial matter, it is not even clear that Ms. Rosely is pleading that a reduction in force occurred. Rather, although the Complaint alleges that a number of employees were let go at the same time, it also alleges that at least some of those employees were discharged for specific reasons. In addition to her own claims that she was dismissed in retaliation for her purported complaints, as noted above in Section A, Ms. Rosely also argues in the alternative that Mr. Nye was dismissed because of his purported complaints about securities violations. *Cf. Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002) (recognizing the distinction between discharge cases and reduction in force cases).

But even under the framework applying to reductions in force, the Complaint still fails to state a claim. The only thing Ms. Rosely alleges in the Complaint that could even potentially

support her claim is that she is "older than her Co-Head, who was retained." Compl. ¶ 17. But there is no mention of the precise age difference, which cannot lead to an inference that the retained employee is "***sufficiently*** younger" to permit an inference of age discrimination. A general statement that someone is younger is not enough. *Monaco*, 359 F.3d at 307 ("[I]n order to satisfy the sufficiently younger standard, 'there is no particular age difference that must be shown, but while different courts have held ... that a five year difference can be sufficient, . . . a one year difference cannot.'" (quoting *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir. 1999) (alteration in original))). The court in *Monaco* expressly found that employees that are three and two years younger than the plaintiff is "a differential which does not satisfy the sufficiently younger standard." *Monaco*, 359 F. 3d at 307. In other cases, courts have found that even a seven-year difference is insufficient to support an inference of age discrimination under NJLAD. *See Narin v. Lower Merion Sch. Dist.*, 206 F.3d 323, 333 n.9 (3d Cir. 2000); *Anderson v. Thermo Fisher Scientific*, No. 11-CV-3394, 2013 WL 1222738 at *4 (D.N.J. Mar. 25, 2013). As these cases show, when using the age of a retained employee to suggest age discrimination, it is necessary ***to know the age of the retained employee***. Simply alleging that she was "older" than her "Co-Head," Compl. ¶ 17, does not meet the "sufficiently younger" pleading standard. Consequently, Ms. Rosely's NJLAD claim fails to state a claim.[2]

The Report errs for an additional reason. It concludes, without any corresponding allegations in the Complaint, that the individual who was retained is an appropriate comparator to Ms. Rosely. Report 15. The Complaint fails to allege anything about the "Co-Head" of sales who was retained, such as that person's "job function, level of supervisory responsibility and salary, as

[2] Nor could she. At the time Ms. Rosely was terminated she was 52. *See* Compl. ¶ 16. Her Co-Head was 49.

well as other factors relevant to the particular workplace." *Monaco*, 359 F.3d at 305. Such allegations are necessary to allow the Court to evaluate whether that person is a "similarly situated employee." *Id.* While Ms. Rosely describes the employee as a "Co-Head," that is not enough, as a similar or identical job title on its own is insufficient to show that an employee is similarly situated. *See Cagnetti v. Juniper Village at Bensalem Ops.*, No. 18-5121, 2020 WL 4039027, at *10 (E.D. Pa. July 17, 2020) ("The fact that two employees share a job title is insufficient by itself to support an inference that they are suitable comparators. . . . Typically there must also be evidence that the employees 'were subject to the same standards and compensation scheme, or had comparable experience, education, or qualifications.'" (citation omitted)).

Because the Complaint does not allege any information that supports a finding that Ms. Rosely's Co-Head of Sales was sufficiently younger or was a sufficient comparator, the Court should reject the Report as to its recommendation that the Motion be denied as to Count III, and instead grant the Motion and dismiss Ms. Rosely's NJLAD age discrimination claim.

### C. <u>Ms. Rosely's NJLAD Age Discrimination Claim Should Be Dismissed Because She Pleads That She Was Hired And Fired Within One Year.</u>

The Report also erred in recommending that the Court deny dismissal of Ms. Rosely's NJLAD age discrimination claims when she was hired and fired within a one-year period. As noted in Defendants' briefing, courts reject age discrimination claims where, as here, a plaintiff was both hired and fired while a member of the protected age group. *See, e.g.*, *Young v. Hobart W. Grp.*, 385 N.J. Super. 448, 461 (App. Div. 2005). *See also Thomasian v. New Jersey Inst. of Tech.*, No. CIV. 08-2218 (FSH), 2010 WL 1032653, at *5 (D.N.J. Mar. 16, 2010) ("In cases such as this, where the Plaintiff was both hired and fired while a member of the protected class of people over age 40, there is a presumption against age discrimination as a motivating factor for termination." (citing *Young*)); *Malloy v. Intercall, Inc.*, No. CIV.A. 08-01182-JLL, 2010 WL

5441658, at *12 (D.N.J. Dec. 28, 2010) ("[This] presumption is particularly appropriate where . . . the lapse between the hiring and firing is not very long.").

The Report wrongly suggests these cases are inapposite. First, the Report says that *Young* is not persuasive because it was merely the "the Appellate Division . . . observing decisions from various courts, not setting a standard." Report 14. But the *Young* court ***was*** setting a standard. After "observing" the decisions from other courts, the *Young* court relied on them to find that "[t]he fact that Staudmyer made both the decision to promote plaintiff to RE in January 2001 and a short time later recommended to Aitken that he eliminate her position due to an economic downturn strongly counters against an inference of age discrimination." *Young*, 385 N.J. Super. at 461. *See also id.* ("It is illogical to suggest that Staudmyer would promote plaintiff in January 2001 and then recommend and approve her termination because of her age only a few months later."). Indeed, courts in this district have relied on and followed the standard set forth in *Young*. In *Estate of Fajge v. Dick Greenfield Dodge, Inc.*, Civ. No. 11-cv-04527, 2012 WL 2339723 (D.N.J. June 18, 2012), Judge Wolfson expressly cited *Young* for this proposition, and concluded that "[w]hen an employee is hired and fired at ages within the bounds of the protected class, a jury cannot reasonably conclude that age was a motivating factor in the employee's termination." *Id.* at *8. *See also Palmer v. Britton Indus, Inc.*, Civ No. 14-5457, 2015 WL 8490965, at *5 (D.N.J. Dec. 10, 2015) *aff'd* 662 Fed. App'x 147 (3d Cir. 2016) ("Courts in New Jersey have held that when an employee is both hired and fired while in the ADEA's protected class, it is highly unlikely that age discrimination motivated the employer's decision.") (citing *Young*).

The Report is also wrong to suggest the cases cited are inapposite because they occurred at the summary judgment stage. Report 15. The "standard" set out in *Young* is that of a presumption *against* age discrimination. Where the facts, as pled, are such that "a jury cannot

reasonably conclude that age was a motivating factor in the employee's termination," they have failed to state a claim. *Estate of Fajge*, 2012 WL 2339723 at *8. Nor can this presumption be overcome by allegations that Strive terminated all of its employees over the age of 50 or that the employees terminated were all older than their retained counterparts (to the extent they had any). Report 15. As noted above, without knowing the specific ages of the retained employees—and that they were "sufficiently younger," *Monaco,* 359 F.3d at 300–301—it is impossible to draw an inference of age discrimination. Even if this were a close call—and it is not—the fact that one of the employees—Mr. Towey—was only one year older than Defendant Frericks erases any doubt. *Compare* Compl. ¶ 17 (noting that Mr. Towey was 40 years old) with *id.* ¶ 18 (demonstrating that Mr. Frericks was 39 years old); *see Stamos v. AOP Operating Co., LLP*, No. CV201676 (MAS) (TJB), 2022 WL 5103135, at *7 n.5 (D.N.J. Oct. 4, 2022) ("Nor is it lost on the Court that Stamos was hired at age 57 and terminated at age 60, and Solano was approximately the same age as Stamos when he fired him.").

### D. <u>Ms. Rosely's CEPA Claim Against Mr. Ramaswamy Should Be Dismissed Because The Complaint Makes Only A Conclusory Allegation That He Participated In The Alleged Unlawful Conduct.</u>

Finally, the Report is wrong to recommend against dismissal of Ms. Rosely's CEPA claims against Mr. Ramaswamy individually. The Report's recommendation rests on a flawed reading of the Complaint and suggests that Mr. Ramaswamy had a more active and central role in the decision to fire Ms. Rosely than is actually alleged in the Complaint. Specifically, according to the Report, "Defendant Ramaswamy admitted to other employees that he had a role in her termination," Report 16. But the only actual allegation in the Complaint suggesting Mr. Ramaswamy was involved in the decision to terminate Ms. Rosely is that he came to the office the day after she and others were terminated to assure employees that "*we* had to do this," Compl. ¶ 19 (emphasis in original), and that Mr. Ramaswamy announced the appointment of Strive's new CEO two weeks later,

"demonstrating that [he] remain[ed] involved in the day-to-day decisions regarding who manages defendant Strive." *Id.* There is no allegation at all that Mr. Ramaswamy was personally involved in the decision to fire ***Ms. Rosely***, nor is there so much as a hint that Mr. Ramaswamy sought to fire Ms. Rosely for retaliatory reasons.[3]

For an individual to be liable under CEPA, a complaint must do more than make conclusory allegations that a Defendant had general awareness of the alleged violation. Instead, "a plaintiff must 'aver factual allegations that, if accepted as true, could establish how each individual defendant was personally liable for a CEPA violation,' including by showing 'that each defendant took a retaliatory adverse employment action against [plaintiff] that was causally linked with [plaintiff]'s alleged disclosure of 'unethical, unlawful, illegal, fraudulent, and corrupt activity.'" *McKenna v. Verint Americas Inc.*, No. CV 22-02370 (FLW), 2022 WL 3211422, at *6 (D.N.J. Aug. 9, 2022). But a claim cannot survive a motion to dismiss where a plaintiff "has not supported [her] conclusory claims with allegations of any specific measures that [a defendant] aided and abetted Plaintiff's termination." *Id.* These conclusory allegations fall far short of raising a plausible inference that Mr. Ramaswamy "took a retaliatory adverse employment action against [Ms. Rosely] that was causally linked" with her protected activity. *See id.* (granting motion to dismiss CEPA individual liability claim where "Plaintiff merely alleges, in a conclusory manner, that Zember conspired with Wilkie to become Plaintiff's direct supervisor, and created pretextual reasons to terminate Plaintiff's employment.").

---

[3] Nor could there be. Mr. Ramaswamy resigned from Strive as of February 2023 to run for president. *See* Brooke Masters and Patrick Temple-West, *Vivek Ramaswamy's fund manager Strive sticks to its 'anti-woke' mission*, FINANCIAL TIMES (Feb. 24, 2023) ("When Vivek Ramaswamy … announced a run for president this week, he resigned from active involvement in Strive, the anti-ESG fund manager he founded.").

Because no allegations in the complaint suggest Mr. Ramaswamy was directly involved in the decision to fire Ms. Rosely, much less that he did so for unlawful reasons, the Court should reject the Report's recommendation and instead enter an order dismissing the CEPA individual liability claim against Mr. Ramaswamy.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendants respectfully request that the Court reject these portions of the Report and enter an order transferring the case to the Southern District of Ohio or, in the alternative, dismissing the Complaint.

Dated: August 7, 2024

TORRIDON LAW PLLC

By: /s/ John V. Coghlan
John V. Coghlan
Brett D. Katz
801 17th St. NW, Suite 1110
Washington, DC 20006
Telephone: (202) 249-6900
jcoghlan@torridonlaw.com
bkatz@torridonlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2024, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system and thereby served upon all counsel of record.

/s/ John V. Coghlan
John V. Coghlan